UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MOHAMED ALAM and
JHONATAN MONDRAGON,　　　　　　　　　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　　　22-CV-114 (PKC) (JRC)
　　　　　　　Plaintiffs,

　　　　- against -

AMANDA HILLER, Commissioner of New York State Department of Taxation and Finance; AGENT DUNN, Agent of New York State Department of Taxation and Finance; AGENT JEFFERSON, Agent of New York State Department of Taxation and Finance; and AGENT THOMAS, Agent of New York State Department of Taxation and Finance,

　　　　　　　Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

　　　　On January 7, 2022, the Court received the above-captioned Complaint from Plaintiffs Mohamed Alam and Jhonatan Mondragon, proceeding *pro se*. The Complaint names as defendants the Commissioner of the New York State Department of Taxation and Finance, and agents of that organization (collectively, "Defendants"). Mondragon paid the filing fee. (*See* Dkt. 2.) For the reasons below, the Complaint is dismissed. Plaintiffs may file an amended complaint within thirty (30) days of this Order.

## BACKGROUND

　　　　The Complaint is filed on a form complaint for civil actions. It lists the causes of action as arising under "Title III of Civil Rights Act of 1964," the "Due Process Clause of [the Fourteenth] Amendment," and the "Equal Protection Clause of [the Fourteenth] Amendment." (Complaint, Dkt. 1, at 4.)

　　　　The Statement of Claim section reads:

> The taxpayer[1] was visited by Agent Thomas for outstanding sales tax assessment. Taxpayer learned about that assessment on the same day. The taxpayer requested time to challenge the assessment, which he was not aware of. In the interim, the NYS Commissioner extended the time to collect by levy for 90 days. The moratorium was not applied to the taxpayer. After exhausting all administrative remedies, the taxpayer was denied release of levy due to the 90-days moratorium in Notice N-21-3 due to Hurricane Ida[.] This is the result of agency capture by certain groups who oppose taxpayer rights.

(*Id.* at 5.)

The Complaint seeks the following relief:

> Release of levy as specified in Notice N-21-3[.] Proper process to contest the tax assessment declaration that the actions by the Commissioner of NYS Taxation and Finance do not enjoy presumption of regularity[.] Enjoin[] NYS Commissioner of Taxation and Finance from tortiously interfering with Jhonatan Mondragon['s] business.

(*Id.* at 6.)

## LEGAL STANDARD

"Before deciding any case," a federal court is "required to assure [iteself] that the case is properly within [its] subject matter jurisdiction." *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019). "[C]ourts must consider [subject matter jurisdiction issues] *sua sponte*." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019); *accord Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 257 n.9 (2d Cir. 2021) ("Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions [*sua sponte*].").

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). "[A] *pro se* complaint should not be dismissed without the

---

[1] The Complaint does not identify "the taxpayer."

2

Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015).

## DISCUSSION

**I.      The Court Lacks Jurisdiction**

The Court lacks jurisdiction over the current Complaint because it is is barred by the Tax Injunction Act, a jurisdictional statute. *See Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 15 (2015). The Act "provides that 'the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Ass'n for Accessible Medicines v. James*, 974 F.3d 216, 221 (2d Cir. 2020) (brackets omitted) (quoting 28 U.S.C. § 1341), *cert. denied sub nom. Healthcare Distribution All. v. James*, 142 S. Ct. 87 (2021). "It 'prohibits declaratory as well as injunctive relief.'" *Id.* (quoting *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982)).[2]

Plaintiffs seek declaratory and injunctive relief, and appear to ask the Court to "suspend or restrain the assessment, levy or collection of [a] tax under [New York] State law." *Id.* But "New York does provide 'plain, speedy and efficient' forums for individuals to bring constitutional

---

[2] Similarly, "[t]he comity doctrine instructs federal courts to refrain from granting relief to taxpayer-plaintiffs in suits that contest taxpayer liability in a manner that interferes with a state's administration of its tax system." *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013) (citing *Levin v. Com. Energy, Inc.*, 130 S. Ct. 2323, 2328 (2010)). "[T]he comity doctrine [thus] prohibits federal courts from granting declaratory or injunctive relief against state taxing authorities in favor of taxpayer-plaintiffs, and from awarding damages personally against the taxing officials in suits contesting the constitutionality of state taxes brought under 42 U.S.C. § 1983, so long as the plaintiffs have access to state remedies that are plain, adequate, and complete, and may ultimately seek review of the state decisions in the Supreme Court." *Id.* (quotations and brackets omitted) (citing *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107, 115–16 (1981), and *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299 (1943)).

challenges to its tax laws." *James*, 974 F.3d at 221. Thus, the Court lacks jurisdiction over Plaintiffs' lawsuit in its current form.

## II.     Leave to Amend

Given Plaintiffs' *pro se* status and the vagueness of the Complaint, the Court will allow Plaintiffs 30 days to file an amended complaint. *See* Fed R. Civ. P. 15(a); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). If Plaintiffs choose to file an amended complaint, they must do so within 30 days of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiffs are advised that the amended complaint completely replaces the original complaint; therefore, all claims Plaintiffs wish to pursue must be in the amended complaint.

The Court also notes that the current Complaint does not specify which allegations pertain to which Plaintiff. It describes Defendants' actions with respect to "the taxpayer," but does not say whether the taxpayer is Alam, Mondragon, or someone else. And although the request for relief asks that the Court enjoin the Commissioner "from tortiously interfering with Jhonatan Mondragon['s] business" (Complaint, Dkt. 1, at 6), the Complaint does not say whether Mondragon is "the taxpayer" alleged to have been harmed. Finally, although both Alam and Mondragon signed the Complaint and are listed in the caption, the allegations in the Complaint do not mention Alam. (*See id.* at 5–6.) Should Plaintiffs elect to file an amended complaint, they are directed to provide additional detail about the parties and events.

## CONCLUSION

The Complaint is dismissed, and Plaintiffs are granted thirty (30) days to file an amended complaint. Although Plaintiffs paid the filing fee to commence this action, the Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 1, 2022
       Brooklyn, New York